BODINE, APPELLANT, *v.*
BODINE, APPELLEE.

(No. 87AP-411—Decided
February 11, 1988.)

*Handelman & Kilroy* and *Mary J. Kilroy,* for appellant.

*Arthur H. Thomas, Jr.,* for appellee.

STRAUSBAUGH, P.J. This is an appeal by plaintiff, Glenda Bodine, from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting defendant, Brian Bodine, reasonable, unsupervised visitation. Judgment was entered April 10, 1987 upon defendant's motion for reasonable visitation.

Plaintiff filed a complaint for divorce in March 1985 following approximately eleven years of marriage to defendant. During the marriage, the couple bore four children. Plaintiff was granted a divorce from defendant on November 4, 1985, pursuant to an agreed entry. The decree granted plaintiff custody of the four children and defendant was "granted reasonable visitation with the minor children of the parties."

Defendant, on May 13, 1986, filed a motion requesting specific visitation orders. The motion was referred to a referee of the Franklin County Court of Common Pleas, Division of.Domestic Relations. The referee rendered a report on November 28, 1986, which recommended that defendant be granted specific visitation rights, including unsupervised visitation with his children. The referee found that during the one-year period following the decree of divorce defendant was allowed to see the children only four times. Apparently, each visit was attended by very circumscribed conditions imposed by plaintiff. Specifically, each visit lasted approximately one hour, occurred in a fast-food restaurant, and was supervised by plaintiff's brother.

Plaintiff filed objections to the report of the referee alleging, among other things, that the report of the referee was not in the best interests of the children. The court, on April 10, 1987, overruled plaintiff's objections and adopted the report and recommendation of the referee. Accordingly, defendant was granted unsupervised, reasonable visitation at specific weekly, monthly and yearly intervals.

On appeal, plaintiff asserts five assignments of error:

"1. The trial court erred and did not act in the best interests of the children by permitting unrestricted visitation where the evidence established a history of uncontrolled family violence, coerced sex with a minor, threats of future harm to the minor children, and where the appellee did not have suitable living quarters.

"2. The trial court erred in refusing to admit testimony of occurrences in the home unless they had been witnessed by the children, * * * in refusing to admit evidence of occurrences during the marriage, [and in] appli[ng] a change of custody standard erroneously to the visitation issues herein.

"3. The trial court erred in ordering visitation with Edward and Eric Bodine.

"4. The trial court erred in finding that no violence was directed against the children.

"5. The trial court erred by failing to consider the threat of sexual misconduct and the possibility that in the absence of the mother that sexual misconduct and violence would be directed at the children."

Plaintiff, in her first assignment of error, alleges that the trial court erred in granting defendant unsupervised visitation because such judgment is not in the best interests of the children. Although plaintiff attempts to fashion a legal argument premised on sociological data, the essence of plaintiff's first assignment of error is that the judgment of the court below is against the manifest weight of the evidence.

Plaintiff, in her third, fourth and fifth assignments of error, reiterates the arguments advanced in support of her first assignment of error. That is, the judgment of the court below was against the manifest weight of the evidence in three specific areas: the older children's right to elect whether they wished to visit with defendant, whether defendant's violence was ever directed against the children, and whether defendant would abuse the children if left unsupervised. Since the first and fifth assignments of error contest the judgment granting defendant unsupervised visitation as contrary to the weight of the evidence, these errors will be addressed simultaneously.

Generally, modification of visitation rights is governed by R.C. 3109.05 (B). *Appleby* v. *Appleby* (1986), 24 Ohio St. 3d 39, 24 OBR 81, 492 N.E. 2d 831. The only restriction imposed by R.C. 3109.05(B) upon the discretion of the trial court in fashioning a visitation order is that it be just and reasonable. Thus, the trial court's discretion re-

garding visitation is very broad. *Id.* at 41, 24 OBR at 82, 492 N.E. 2d at 833 (quoting *State, ex rel. Scordato,* v. *George* [1981], 65 Ohio St. 2d 128, 129, 19 O.O. 3d 318, 419 N.E. 2d 4, 5). That discretion is not unlimited, however, but must be exercised in a manner which best protects the interests of the child. *Walburn* v. *Walburn* (July 5, 1972), Franklin App. No. 72AP-88, unreported, at 10; cf. *Roberts* v. *Roberts* (1985), 22 Ohio App. 3d 127, 128, 22 OBR 328, 330, 489 N.E. 2d 1067, 1069. Stated somewhat differently, in the determination of whether a prior visitation schedule is reasonable or warrants modification, the trial court must assess the various factors in light of the best interests of the child.

Accordingly, when a parent seeks to modify a previous visitation arrangement, it is that party who bears the burden of proof as to whether the prior arrangement was not in the best interests of the children. Defendant's arguments regarding burden of proof are directed only toward the presumption that a parent is fit. Even assuming, as we do, that a parent is fit, such presumption does not automatically entitle a parent to any visitation schedule desired. The parent must still establish that the schedule is in the children's best interests.

Conversely, where there is clear and convincing evidence that a proposed visitation arrangement will be harmful to the welfare of the children, a trial court abuses its discretion in failing to impose sufficient restrictions to ensure the children's well-being. Cf. *Roberts, supra.*

Here, the evidence before the trial court indicated that defendant had a violent temper during the course of the parties' marriage; that this violence was occasionally directed at the wife, with the children as unintended victims; that the children expressed fears of their father because of these violent

outbursts; and that defendant has sought counseling to control his anger. Evidence was also adduced that plaintiff had a strong dislike for and distrust of defendant; that these feelings may have influenced the children's present feelings toward defendant; and that the children were uncomfortable around defendant. Given this evidence, we can only conclude that the trial court abused its discretion in failing to require that defendant's visitation with the children be supervised.

While it may well be that defendant has made significant strides toward controlling his temper, that is not the issue. Rather, the issue is whether unsupervised visitation is in the children's best interests. Cf. *Rudes* v. *Rudes* (Aug. 23, 1985), Ottawa App. No. OT-84-32, unreported. The evidence reflects that such visitation would not further the children's best interests at this time. Accordingly, plaintiff's first and fifth assignments of error are sustained as to the issue of unsupervised visitation. In this regard, we also note that our determination does not indicate either that the circumstances of the previous visits were reasonable or that defendant's home would be unsuitable for such visits. Upon remand, the court should review the evidence in the record and fashion a visitation order which provides for supervised, *reasonable* visitation.

Plaintiff also asserts, by way of her second assignment of error, that the referee erred in excluding certain evidence which was relevant to the issue of visitation. Specifically, plaintiff asserts that reasonable visitation must be determined by assessing all relevant factors, including the behavior of the defendant, the age of the children, the children's wishes, and the effect that visitation may have on the children's physical and mental well-being.

Even if this latter statement be accepted as true for every case, this court fails to comprehend how the trial court erred in this respect. Clearly, evidence was adduced as to each of these factors. Merely because the trial court rejected certain evidence which pertained to defendant's behavior during the marriage does not render such action error. This evidence was properly excluded because it was cumulative and quite remote in time. Clearly, not all evidence is admissible because it is relevant; rather, relevant evidence may be rejected where the presentation of such evidence tends to confuse the issue or needlessly prolongs the proceeding. See Evid. R. 403. Cf. *Schmidt* v. *Schmidt* (1982), 7 Ohio App. 3d 175, 177, 7 OBR 221, 223, 454 N.E. 2d 970, 973.

Moreover, plaintiff's assertions in this respect are somewhat inconsistent. First, plaintiff asserts that the trial court erred because it applied a change of circumstances standard in contravention of *Appleby, supra.* Plaintiff then argues that a trial court must assess the factors outlined above in order to properly fashion a reasonable visitation order. This latter assertion simply lists the factors outlined by R.C. 3109.04(B) which a court must consider in awarding custody. As such, *Appleby* specifically rejected this argument and stated that a trial court was not bound by these statutory factors in modifying a visitation order. While the trial court *may* consider such factors, ultimately an order of visitation rests in the sound discretion of the decreeing court. Accordingly, plaintiff's second assignment of error is overruled.

Plaintiff, in her third assignment of error, challenges the order of visitation as being against the manifest weight of the evidence since the parties' two eldest children expressed the desire to not visit with their father. As support for this position, plaintiff cites this court's opinions in *Smith* v. *Smith* (1980), 70 Ohio App. 2d 87, 89-90, 24

O.O. 3d 100, 102, 434 N.E. 2d 749, 752; *Foster* v. *Foster* (1974), 40 Ohio App. 2d 257, 269-270, 69 O.O. 2d 250, 257, 319 N.E. 2d 395, 403; and *Day* v. *Day* (Mar. 6, 1979), No. 78AP-733, unreported.

While we are quick to agree that those cases correctly state the law, those opinions are simply inapposite. As issue in *Smith, Foster* and *Day* was the liability of the custodial parents for contempt of court orders which specified visitation schedules. This court made clear in each case that the age of the children was a central consideration to the determination of whether the custodial parent was justified in denying visitation based upon the children's preferences. That issue is wholly distinct from whether the noncustodial parent is entitled to visitation with the children. Whether the children will elect to visit the defendant, or whether they are in fact entitled to make such election under the circumstances, is not before us. Again, the sole issue is whether the visitation schedule adopted by the trial court was in the children's best interests.

Here, the trial court heard testimony from the two older children regarding their preference. There was also testimony that the children enjoyed the time spent with defendant on the four occasions when defendant was permitted to see the children. As such, this court cannot say that the order was against the manifest weight of the evidence. Merely because the trial court declined to give credence to plaintiff's evidence while accepting defendant's in this regard does not negate the fact that there was sufficient competent evidence to support a visitation order which included the two older children. Plaintiff's third assignment of error is overruled.

Finally, in her fourth assignment of error, plaintiff argues that the trial court erred in finding that no violence was directed against the children. Although the precise legal basis for this argument is unclear, it appears that plaintiff's position is that this finding is contrary to the weight of the evidence.

Once again, there was sufficient competent evidence before the trial court to support the finding that "[a]lthough defendant would not direct his physical aggression toward the children, occasionally the children were the unintentional victims of the abuse." Simply stated, the trial court declined to accept plaintiff's version of the evidence while accepting defendant's version. While we may be inclined to weigh this evidence differently, we cannot say that the trial court abused its discretion. In any event, the court below specifically found that the children were indeed the victims of defendant's violence. Given this finding, there is no prejudice to plaintiff merely because the trial court concluded that the violence was not directed at the children. Because the children were victims indicates that unsupervised visitation would not be in the children's best interests at this time. Plaintiff's fourth assignment of error is overruled.

Based on the foregoing, plaintiff's second, third and fourth assignments of error are overruled. Plaintiff's first and fifth assignments of error are sustained to the extent that the trial court abused its discretion in ordering unsupervised visitation. The judgment of the trial court is, therefore, affirmed in part, reversed in part, and this cause is remanded to that court for further proceedings consistent with this decision.

> *Judgment affirmed in part,*
> *reversed in part and*
> *cause remanded.*

WHITESIDE and REILLY, JJ., concur.