I must respectfully dissent from the decision reached by the majority in this case with regards to appellant's fourth assignment of error as it relates to the issue of visitation. I agree with the majority that visitation rights in Ohio are governed by R.C. 3109.051. However, I disagree that the trial court's decision with respect to visitation amounted to an abuse of discretion.
Decisions involving visitation rights are within the sound discretion of the trial court and, upon review, an appellate court will not disturb such a decision absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142. An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Buckles v. Buckles (1988), 46 Ohio App.3d 102,108. Furthermore, in matters involving visitation, the trial court must exercise its discretion in a manner that protects the best interests of the child. Bodine v. Bodine
(1988), 38 Ohio App.3d 173.
Based upon the facts and circumstances in the case at bar, I believe that there was evidence presented to support a finding that appellant receive supervised visitation at the time the within decision was rendered by the trial court. It is unrefuted that appellant left the marital residence in August of 1966 and for six and one-half months thereafter, appellee cared for the parties' three minor children without any assistance from appellant. The testimony offered reveals that appellant's contact with her children during this time was minimal at best and that she made no monetary contribution to the support of the parties' children. Additionally, it is clear that appellant never sought to establish her visitation rights before the trial court.
Appellee's mother testified that the parties' eldest child became depressed as a result of her mother's absence and was forced to seek psychological care and that her grades at school had slipped. Appellee's mother also stated that appellant did not remember to call home on the children's birthdays or for Christmas and that the youngest child had apparently forgotten what appellant looked like.
In my opinion, the foregoing testimony and evidence goes to establish the prior interaction and interrelationship of the parties' children with appellant (R.C. 3109.051(D)(1)) and provides a basis from which to restrict appellant's visitation as being in the best interests of the minor children in this case. I concur with the trial court's findings as the factual circumstances surrounding the issue of visitation warrant such decision. Therefore, I would affirm the conclusion reached by the trial court with regards to the issue of visitation as addressed in appellant's fourth assignment of error. I dissent from the majority opinion only on this issue.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE