OPINION
Plaintiff-appellant, David A. Weaver Sr., appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division. The trial court granted objections to a magistrate's decision and removed a restriction on visitation rights which had prohibited appellant's son from any contact with his maternal grandmother.
Appellant and defendant-appellee, Tracy J. Weaver, nka Haddix, ("Mother") have one child, David Weaver Jr. ("D.J."). The parties were divorced on December 11, 1992. Appellant and Mr. and Mrs. Abrams, D.J.'s maternal grandparents, ("the grandparents") each sought custody of D.J. at the time of the divorce. Custody was awarded to appellant and both the grandparents and Mother were awarded visitation rights.
In June 1994, jurisdiction was transferred to the Warren County Juvenile Court to address allegations of abuse, dependency, and neglect. The Warren County Juvenile Court granted custody to Mother on August 25, 1995, and returned jurisdiction to the Warren County Court of Common Pleas, Domestic Relations Division. Visitation rights to the grandparents were not included in the grant of custody to Mother. The grandparents subsequently sought to have visitation rights granted to them. In a magistrate's decision dated September 10, 1996, visitation rights of the grandparents were denied. The grandparents filed objections and the trial court affirmed the magistrate's decision on October 31, 1996.
In March 1997, appellant and Mother mutually agreed to a change in residential parent since Mother was moving to Texas. Appellant was named residential parent and Mother was granted visitation rights as agreed between the parties. The grandparents filed a motion to be named the residential parents or alternately for visitation rights. This motion was dismissed without prejudice by a magistrate. In September 1997, the grandparents once again sought visitation rights. A hearing was held on November 5, 1997. The magistrate denied the motion for visitation in a decision dated November 12, 1997.
Mother returned to Warren County and filed a motion for standard non-residential parent visitation on October 27, 1998. A hearing was held before a magistrate on November 13, 1998. Appellant did not object to Mother's requested visitation, but appellant stated that he did not want D.J. to be around his maternal grandmother, Mrs. Abrams ("grandmother"). The magistrate issued an order granting standard non-residential parent visitation to Mother with the restriction that D.J. was never to be taken in the presence of his grandmother.
Mother filed an objection to the magistrate's decision as to the provision barring D.J. from being in the presence of his grandmother. The grandparents also filed an objection to the magistrate's decision, requesting that the trial court lift the restriction regarding the grandmother. The trial court conducted a hearing on December 31, 1998 and issued an entry granting the objections. Mother was granted visitation with no restrictions regarding the grandmother.
Appellant appeals the decision of the trial court raising the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED THE OBJECTIONS OF DEFENDANT AND MR. AND MRS. ABRAMS AND AMENDED THE MAGISTRATE'S DECISION TO REFLECT THAT WHILE DEFENDANT HAS THE STANDARD ORDER OF VISITATION, THERE IS NO RESTRICTION CONCERNING THE CHILD BEING IN THE PRESENCE OF MRS. ABRAMS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE RESTRICTION ON DEFENDANT'S RIGHTS OF VISITATION PROHIBITING THE CHILD TO BE IN THE PRESENCE OF HIS MATERNAL GRANDMOTHER WAS NOT IN THE BEST INTEREST OF THE CHILD.
Appellant's assignments of error are interrelated and will be discussed together. Appellant contends that the trial court should not have removed the restriction regarding the grandmother. Appellant argues that the trial court abused its discretion since the record contains evidence that contact with the grandmother is not in D.J.'s best interest.
The granting of visitation rights is governed by R.C. 3109.05.1. The only restriction placed on the trial court by this provision is that a visitation order must be "just and reasonable." R.C. 3109.05.1(A). Accordingly, the trial court has broad discretion in determining matters related to visitation.Appleby v. Appleby (1986), 24 Ohio St.3d 39, 41. The trial court's discretion must be exercised in a manner which protects the best interest of the child. Bodine v. Bodine (1988),38 Ohio App.3d 173, 175. The trial court must consider the factors listed in R.C. 3109.05.1(D) to determine visitation which is in the best interest of the child. Bratz v. Bratz (1999),85 Ohio St.3d 40, 45. An appellate court cannot disturb the finding of the trial court regarding visitation absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
Appellant essentially argues the trial court abused its discretion by awarding unrestricted visitation since prior decisions in this case denied visitation to the grandparents, finding that it was not in D.J.'s best interest for the grandparents to have visitation. The previous denials of visitation to the Abrams were a result of behavior by the grandmother which the magistrate and trial court found harmful to D.J. Specifically, over the years since the parties' divorce, the grandmother has criticized both Mother and appellant in front of D.J. and has engaged in a pattern of making unsubstantiated accusations of various types of abuse against appellant to police and child services agencies. The trial court found that the grandmother had been unable to desist in making these accusations against appellant and that this behavior was harmful to D.J.
It is important to note the distinction between the past denial of visitation rights to the Abrams and the trial court's grant of unrestricted visitation to Mother. Appellant argues that by removing the restriction on visitation, the trial court has essentially granted visitation rights to Mrs. Abrams which she could not obtain directly. We disagree. The trial court has only granted the grandparents the opportunity to spend time with D.J. during Mother's visitation time when, and if, Mother so decides. This opportunity to visit with D.J. was mentioned as an option in the previous decisions denying visitation rights to the grandparents. These decisions discuss how Mother is capable of making the decision of when and how D.J. should visit with the grandparents.
At the hearings regarding Mother's visitation, appellant testified that he feels D.J.'s grandmother is a negative influence and that D.J.'s behavior changes when he has been with the grandparents. Mother testified that she does not defend the grandmother's actions and has told her that if it happened again, the grandmother would be unable to see D.J. Mother also testified that D.J. wants to visit with the grandparents and that he benefits from the visits. Mother stated that D.J. has been visiting with the grandparents for almost a year and things are better than in the past.
Appellant argues that, considering the factors listed in R.C. 3109.05.1(D) and the manifest weight of the evidence, the court erred in finding unrestricted visitation in D.J.'s best interest. Appellant argues that the trial court ignored a plethora of evidence to the contrary when making its decision.
Again, appellant is essentially arguing that since the trial court previously determined grandparent visitation was not in D.J.'s best interest, that allowing unrestricted visitation is not in his best interest. Again, we disagree. While this court in no way condones the actions of the grandmother, the trial court's removal of the magistrate's restriction regarding the grandmother was not synonymous with granting separate visitation rights to the grandparents.
As mentioned above, in the previous denials of visitation to the grandparents, the possibility of the grandparents spending time with D.J., as allowed by the parents, has never been foreclosed. The trial court found Mother was capable of determining whether or not the grandparents would be allowed to visit with D.J. The trial court considered the child's best interest and found that denying D.J. the opportunity to see his grandmother was an excessive remedy for the problems caused to appellant by the grandmother, and that appellant has other remedies if grandmother persists in her accusations.
We find no abuse of discretion in the trial court's decision. The trial court did not err in finding the restriction regarding the grandmother was not in D.J.'s best interest. There is competent evidence to support the trial court's decision to remove the restriction and the decision is not unreasonable, arbitrary, or capricious. Accordingly, appellant's assignments of error are overruled.
YOUNG, P.J., and WALSH, J., concur.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
William W. Young, Presiding Judge
James E. Walsh, Judge
Anthony Valen, Judge