OPINION
Appellant, Henry Valentine Holz, II, appeals a judgment entry from the Ashtabula County Court of Common Pleas, Domestic Relations Division, granting the motion to change residence of appellee, Mary Beth Holz.
Appellant and appellee were married on September 6, 1975, and had seven children as issue of the marriage, five of whom were still minors at the time of this appeal.[1] Appellee filed for divorce on January 12, 1998. The trial court granted the divorce on September 14, 2000, and designated appellee residential parent of the minor children. The divorce decree incorporated the standard order of visitation, which indicated that appellee would not "be permitted to move [the children's] residence farther than 100 miles from their current residence, without the prior written consent of the other parent, or permission of the court."
Thereafter, on November 9, 2000, appellee filed a "Motion to Move Residence," and on November 29, 2000, appellant filed a motion in opposition to appellee's motion to move residence. A hearing was held on November 29, 2000, and continued on December 20, 2000.
At the hearings, appellee requested permission to relocate to Norwalk, Ohio, which is about one hundred twenty miles from her current residence. She further testified that her current residence was being foreclosed on, and the home was in "such deteriorated condition that [she] fear[ed] that the structural part of the roof may give in to the weather." She stated that a friend of the family was providing her with housing, indefinitely and rent-free. The evidence also revealed that appellant was not current on his spousal and child support payments. The trial judge commented that he could not tell appellant "* * * he's going to work. He's a lawyer. He can work anywhere he wants. But what [the judge] know[s] the facts show, he's gone from [income in the] mid-40's to [10] or 15. His choice. Now he can't even support himself, let alone five kids and a wife. * * *"
The trial court issued a judgment entry on December 22, 2000, granting appellee's motion to change residence. Appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] Appellee did not sustain her burden of proof that the proposed relocation was in the best interest of the children.
 "[2.] When [the] hearing was not continued to receive the balance of the evidence, appellant was denied due process.
 "[3.] The court abused its discretion by not conforming the final divorce [decree] to the final hearing transcript before ruling on the motion to relocate resulting in the denial of due process.
 "[4.] Trial court erred in not interviewing the children before issuing order [sic].
 "[5.] The trial court abused its discretion in going beyond the requested relief in issuing an order that changed [appellant's] visitation and nullified the bargained-for provisions of the parties' separation agreement adopted by the final judgment entry."
 In his first assignment of error, appellant argues that appellee did not meet her burden of proof that the relocation was in the best interest of the children.
R.C. 3109.051(G)(1) deals with the relocation of a residential parent and states:
 "If the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. * * * Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the parenting time schedule for the child." (Emphasis added.)
 Pursuant to the express terms of the statute, the trial court may schedule a hearing "to determine whether it is in the best interest of the child to revise the parenting time schedule for the child." R.C. 3109.051(G)(1). The Ohio legislature has set forth factors to determine what is in the best interest of the child. R.C. 3109.04. The moving party bears the burden of proving if the requested relocation is in the best interest of the child. Rozborski v. Rozborski (1996), 116 Ohio App.3d 29, 31.
In the case at hand, the appropriate standard of review is abuse of discretion, which involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Here, appellee was named the residential parent of the minor children and filed a motion to relocate because she was offered the opportunity to live rent-free and indefinitely at a home in Norwalk, Ohio. The trial court held a hearing, and it was demonstrated that the marital residence was the subject of a foreclosure action and was in need of repair. The evidence revealed that neither appellee nor appellant had the financial means to redeem the property. Appellant was also unable to stay current with his support payments. The trial court concluded that both parties had family support in Norwalk, as appellee's two sisters and appellant's parents resided there. Appellee testified that appellant had legal work in Norwalk once or twice a month. In addition, even though the parties had agreed to send the children to the South Ridge Christian Academy, the trial court determined that it was not economically possible. Based on the foregoing reasons, we conclude that the trial court did not abuse its discretion in granting appellee's motion to relocate. Further, it is our view that the relocation is in the best interest of the children. Appellant's first assignment of error lacks merit.
Under his second assignment of error, appellant contends that the trial court denied him due process by failing to continue the hearings for a third session and additional evidence.
Generally, the overall goal of procedural due process under theFourteenth Amendment to the United States Constitution and Section 15, Article I, of the Ohio Constitution is to provide the parties with a reasonable opportunity to be heard before a competent tribunal. Fuentesv. Shevin (1972), 407 U.S. 67, 80; State v. Lee (Sept. 11, 1998), Lake App. No. 97-L-091, unreported, 1998 WL 637583, at 4. "The fundamental requirement of due process is the opportunity to be heard `at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge
(1976), 424 U.S. 319, 333, quoting Armstrong v. Manzo (1965), 380 U.S. 545,552. Thus, at a minimum, due process of law requires that when a court conducts a hearing, it gives the parties a reasonable opportunity to be heard.
In the case at bar, we note that at the start of the continuation of the hearing on December 20, 2000, the trial court commenced by saying that it was "going to give [appellant] an opportunity to present evidence and state his reasons in support of his opposition [to appellee's relocation]." Appellant presented his own testimony as well as that of a witness. Therefore, appellant was afforded an opportunity to be heard. Appellant's second assignment of error is not well-taken.
For his third assignment of error, appellant posits that the trial court failed to conform with the divorce decree and prejudiced appellant's rights by allowing appellee to relocate with the minor children.
After reviewing the evidence before us, it is our view that the trial court took into account several factors in granting appellee's motion to relocate. The trial court considered the following: (1) the marital residence was in the process of being foreclosed; (2) the home was in need of repair; (3) appellant was behind in his spousal and child support payments; (4) appellee had a chance to obtain employment in Norwalk; (5) appellee was offered housing at no cost and indefinitely in Norwalk; and (6) both appellant and appellee had family in the Norwalk area. Furthermore, the one hundred twenty mile distance is not an egregious geographic parameter compared with the one hundred mile requirement. Based on these circumstances, we conclude that the trial court did not abuse its discretion in granting appellee's motion to relocate. Appellant's third assignment of error is without merit.
In the fourth assignment of error, appellant claims that the trial court erred in not conducing an in camera interview of the minor children prior to granting appellee's motion to relocate.
"R.C. 3109.051(G)(1) deals with relocation of the children after the court has designated one of the parents as the residential parent."Alvari v. Alvari (Feb. 2, 2000), Lawrence App. No. 99CA05, unreported, 2000 WL 133849, at 2. This conclusion is bolstered by the Supreme Court of Ohio's ruling in Braatz v. Braatz (1999), 85 Ohio St.3d 40, 44, where the Court stated that R.C. 3109.051 "* * * specifically and in detail addresses the granting of parental visitation rights." (Emphasis sic.). In In re Gibson (1991), 61 Ohio St.3d 168, 171, the Supreme Court explained the difference between custody and visitation:
 "`Visitation' and `custody' are related but distinct legal concepts. `Custody' resides in the party or parties who have the right to ultimate legal and physical control of a child. `Visitation' resides in a noncustodial party and encompasses that party's right to visit the child. * * * `[V]isitation' is granted to someone who does not have `custody.' Although a party exercising visitation rights might gain temporary physical control over the child for that purpose, such control does not constitute `custody' because the legal authority to make fundamental decisions about the child's welfare remains with the custodial party and because the child eventually must be returned to the more permanent setting provided by that party.'"
 Accordingly, the Supreme Court of Ohio in Braatz held that R.C. 3109.051 governs visitation rights while R.C. 3109.04 "governs agreements allocating `parental rights and responsibilities' * * *." Id. at 44. Because appellee in the present case was named the residential parent of the minor children, we must conclude that R.C. 3109.051 applied to the proceedings before the lower court.
R.C. 3109.051(C), which was applicable to the proceedings below, states that: "* * * [F]or purposes of determining whether to grant parenting time or visitation rights, establishing a specific parenting time or visitation schedule, * * * and resolving any issues related to the making of any determination with respect to parenting time or visitation rights or the establishment of any specific parenting time or visitation schedule, the court, in its discretion, may interview in chambers any or all involved children regarding their wishes and concerns. * * *" (Emphasis added.)
The trial court had the discretion to decide whether to interview the minor children, but was not required to under the mandates of R.C.3109.051(D). Thus, it is our determination that the trial court did not abuse its discretion in deciding not to interview the minor children, choosing instead to base its decision to grant appellee's motion to relocate on the factors previously mentioned. Appellant's fourth assignment of error is not well-founded.
In his final assignment of error, appellant alleges that the trial court modified his visitation rights with his children and failed to consider the factors in R.C. 3109.051(D).
"* * * Pursuant to R.C. 3109.051(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child." Braatz, 85 Ohio St.3d at paragraph two of the syllabus. Included in those criteria are the interaction of the child with his parents; the geographical distance between the residences of each parent; the child's and parents' available time; the age of the child; the child's adjustment to his home, school and community; the child's wishes and concerns if expressed to the court; the health and safety of the child; the mental and physical health of all of the parties; the parents' willingness to cooperate and facilitate visitations; and any other factor in the best interest of the child. R.C. 3109.051(D). A trial court has broad discretion as to the modification of visitation rights. Appleby v.Appleby (1986), 24 Ohio St.3d 39, 41. However, its discretion is not unlimited, but must be exercised in a manner that best protects the interests of the child. Bodine v. Bodine (1988), 38 Ohio App.3d 173,175.
In the case at bar, the only change made to appellant's visitation was that he would have visitation with the children from 5:00 p.m. on Friday, until Sunday at 6:00 p.m. Previously, he was to exercise visitation from 6:00 p.m. Friday, until Sunday at 6:00 p.m. Furthermore, in the divorce decree, appellant was granted visitation with the minor children one weekday evening per week from 5:00 p.m. to 8:00 p.m. The trial court modified this and stated that appellant "may have visitation with the minor children after school on weekdays in the event he is in the Norwalk City area, and he shall give at least 48 hours advance notice to [appellee] if he intends to exercise this visitation." It is our determination that the record contains sufficient competent, credible evidence to support the trial court's finding that appellant's visitation rights should have be modified in this matter as it was in the best interest of the children. Therefore, we conclude that the trial court did not abuse its discretion. Appellant's fifth assignment of error is overruled.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Ashtabula County Court of Common Pleas, Domestic Relations Division, is affirmed.
O'NEILL, P.J., GRENDELL, J., concur.
[1] We note that when this appeal was filed, appellant and appellee had five minor children. On May 19, 2001, one of those children reached the age of majority. Thus, there are currently four minor children.