OPINION
{¶ 1} Appellant, Shelly Fuller, appeals the July 6, 2001 judgment entry of the Portage County Court of Common Pleas, Juvenile Division, denying her request for visitation.
 {¶ 2} This matter commenced on September 16, 1998, as a result of allegations of neglect and dependency brought by the Portage County Department of Human Services ("DHS") regarding Taylor DeCara ("Taylor"), who was born on December 12, 1996. In a decision dated November 4, 1998, the trial court stated that there was dependency based upon appellant's "unresolved chemical dependency and its effect on her ability to care for the child."[1] As a result, Taylor was in the temporary custody of the DHS. At the first semiannual review, in March 1999, Taylor was placed with her maternal great-grandparents. At the review hearing in December 1999, Taylor's placement had been changed to her paternal grandmother. Appellee, Kerry Fuller, filed a motion for custody of his daughter, Taylor. At a hearing that occurred in February 2000, appellee was granted legal custody of Taylor.
 {¶ 3} Throughout the proceedings, appellant filed several motions for change of custody, but she withdrew her motions prior to any hearing. On January 5, 2001, she filed a motion for companionship and/or visitation rights. A hearing took place before the magistrate on April 16, 2001.[2] In a decision dated April 17, 2001, the magistrate denied appellant's motion for visitation and explained that appellant had failed to present any evidence of a change in circumstances that would justify a modification of the order or an award of visitation. Appellant filed objections to the decision on April 26, 2001. The matter was referred back to the magistrate for additional findings, and another magistrate's decision was issued on May 14, 2001. A hearing on appellant's objections was held before the trial court on June 25, 2001. On July 6, 2001, the trial court overruled appellant's objections and denied appellant's request for visitation. Appellant timely filed the instant appeal and now advances the following as error:
 {¶ 4} "[1.] The trial court erred, and abused its discretion, in overruling appellant's objections to the magistrate's decision/order denying appellant's motion for companionship and/or visitation rights.
 {¶ 5} "[2.] The trial court erred and abused its discretion in overruling appellant's objections to the magistrate's decisions/orders denying appellant's motion for companionship and/or visitation rights since the findings of the magistrate were not supported by substantial credible evidence and the findings were arbitrary and unreasonable and/or unconscionable not founded upon the evidence, and were against the manifest weight of the evidence."
 {¶ 6} As appellant's assignments of error are interrelated, they will be addressed in a consolidated fashion. Under both of her assignments of error, appellant claims that the trial court abused its discretion by overruling her objections to the magistrate's decision denying her motion for companionship and visitation rights. Appellant further alleges that the findings of the magistrate were not supported by substantial, credible evidence and were against the manifest weight of the evidence because the trial court erred by not considering the factors enumerated in R.C. 3109.051(D).
 {¶ 7} Preliminarily, we note that when reexamining the soundness of a trial court's decision in a juvenile case, an abuse of discretion standard is applied. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Thus, absent an abuse of discretion, this court will not reverse the trial court's decision. An abuse of discretion connotes an attitude that is unreasonable, arbitrary, or unconscionable. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 8} In Braatz v. Braatz (1999), 85 Ohio St.3d 40, paragraph one of the syllabus, 1999-Ohio-203, the Supreme Court held that R.C. 3109.051
governs the modification of visitation rights. Although the moving party need not demonstrate that there has been a change in circumstances, the trial court must consider the fifteen factors enumerated in R.C.3109.051(D). Id. at paragraph two of the syllabus. This court has stated that there is no requirement that the fact-finder set forth a laundry list of the fifteen factors. Walther v. Newsome (Apr. 20, 2001), 11th Dist. No. 99-P-0107, 2001 WL 409556, at 1.
 {¶ 9} In addition to considering the factors, the trial court must determine, in its sound discretion, what visitation, if any, is in the best interest of the child. Braatz, 85 Ohio St.3d at 45. See, also, Holzv. Holz, 11th Dist. No. 2001-A-0003, 2001-Ohio-8822, 2001 WL 1453900, at 4. Included in those criteria are the interaction of the child with his parents; the geographical distance between the residences of each parent; the child's and parents' available time; the age of the child; the child's adjustment to his home, school and community; the child's wishes and concerns if expressed to the court; the health and safety of the child; the mental and physical health of all of the parties; the parents' willingness to cooperate and facilitate visitations; and any other factor in the best interest of the child. R.C. 3109.051(D).
 {¶ 10} The Supreme Court of Ohio has also held that a trial court has broad discretion regarding the modification of visitation rights.Appleby v. Appleby (1986), 24 Ohio St.3d 39, 41. However, that discretion is not unlimited and must be exercised in a manner that best protects the interests of the child. Bodine v. Bodine (1988), 38 Ohio App.3d 173,175. A reviewing court will presume that the trial court considered relevant statutory factors in the absence of evidence to the contrary.Cherry v. Cherry (1981), 66 Ohio St.2d 348, 356.
 {¶ 11} In the instant matter, the record shows that the magistrate discussed the evidence presented at the hearing and concluded that appellant's request should be denied. The trial court considered appellant's objections to the magistrate's decision and found them not to be meritorious.
 {¶ 12} In his May 14 decision, the magistrate noted that the April 16 hearing lasted less than fifteen minutes and explained that appellee was "concerned about risk to the child because of [appellant's] mental health." The magistrate further stated that appellant "offered no
evidence of any progress in her mental health treatment or condition, or her recent sobriety, to establish that the child would not be at risk while with her." (Emphasis sic.)
 {¶ 13} At the April 16 hearing, appellant testified that the last time she saw Taylor was on August 22, 2000. She indicated that at that time, for a two to three month period, she had visitation with Taylor every other weekend. She explained that she was in counseling with Taylor at the time. She informed the court that in the past she had a problem with visitation because she was late. She also told the court that she worked different hours. Appellee took the stand and related that appellant had not attempted to "send any gifts or cards or phone calls. Uh — Her birthday [Taylor's] came and passed. Christmas came and passed. [Appellant] showed no interest whatsoever of trying to keep in contact with her."
 {¶ 14} In his May 14 decision, the magistrate added that due to the lack of any evidence that visitation would be in the child's best interests, he did not reach "the point of an analysis of the factors enumerated in R.C. 3109.051(D)." However, he noted that "[e]ven if he had, [appellant's] motion would have failed on the specific factors of R.C. [3109.051(D)(1)] the prior interaction and interrelationships of the child with the child's parents; (4) the age of the child; (5) the child's adjustment to home, school and community; (7) the health and safety of the child; (8) the mental and physical health of the parties and [appellant's] lack of any relevant evidence regarding these factors.
 {¶ 15} Moreover, at the hearing on the objections to the magistrate's decision, held on June 25, 2001, the trial judge stated that:
 {¶ 16} "[a] party moving for visitation who's had their visitation suspended has to show somehow that reestablishing this relationship with the parent is in the child's best interest. There's all kinds of concerns about [appellant's] mental health history, her alcohol history, her making false accusations against the child's father * * *; none of that is in the child's best interest. * * * To have a drunk mother; to have a mother with mental health issues; to have a mother who lies about the relationship and things that are happening * * *. None of those are in the child's best interest. * * * There's nothing in the record that indicates that she's done anything to deal with those issues; that she's not the same person that she was in August 2000; * * * that she's not the same person who the court said no to before."
 {¶ 17} The trial court overruled appellant's objections and stated that custody would remain with appellee with no visitation for appellant. The trial judge explained that "[i]n addition to all of those things, [appellant] can't decide whether she wants custody, visitation, or what. * * * [S]he's filed several motions requesting custody and several motions to have visitation and has withdrawn them or lost her lawyer along the way in one fashion or another in some of those cases if I'm not mistaken. And, in some of those cases, she's tried to represent herself in actions for contempt where there wasn't a visitation order * * *. And, although it's very difficult for a [jurist] to sit here and say that a parent who apparently has interest in the child shouldn't see the child. In this particular case, it appears that [appellant's] history would support a finding that visitation at this time, based upon the evidence * * * at the last hearing * * * doesn't indicate any significant change in how her life is going for her at this particular point in time that would make it in the best interest of the child for her to have visitation."
 {¶ 18} The trial court determined that the evidence as presented demonstrated that visitation was not in the best interest of the child. After thoroughly reviewing the record and applying the law to the facts of the instant case, we conclude that the trial court did not abuse its discretion in denying appellant's request for visitation. Further, despite the magistrate's statement that he did not reach "the point of analysis of the factors enumerated in R.C. 3109.051(D)," the record reflects he clearly considered the 3109.051(D) factors in his May 14 decision. Therefore, in view of the total record before us, it is our determination that the trial court gave extensive reasoning to support the decision reached, which included an analysis of the pertinent statutory factors.
 {¶ 19} Appellant's first and second assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas, Juvenile Division, is affirmed.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.
[1] The neglect allegation was dismissed.
[2] At the April 16 hearing, both appellant and appellee testified. At the end of the hearing, the magistrate stated that he recalled telling appellant that "there would be visitation when she could satisfy [him] that it would be safe and in the child's best interest." He added that he was "not satisfied today [because] just saying that she wants to have visitation isn't good enough."