DECISION AND JUDGMENT ENTRY
{¶ 1} Ann Frances Lane appeals from the trial court's order that modified her visitation with her children, Ariann and Jacob Lane. Ms. Lane presents us with four arguments. First, she contends the trial court erred in failing to dismiss the motion for modification of visitation because it did not comply with Juv.R. 19. Since Ms. Lane waited until the day of trial to make her motion, the trial court did not err in overruling it as untimely. Next, Ms. Lane contends the trial court erred in interpreting the evidence instead of "taking the evidence as presented." The trial court did not err in this instance because the trial court acted as the trier of fact; thus, it was in the best position to judge the credibility of the witnesses and pass on the weight of the evidence. Ms. Lane also contends the trial court erred in admitting hearsay from a psychologist into evidence. Since the hearsay exception for medical treatment applied, the trial court did not err in admitting the testimony. Finally, Ms. Lane argues that the trial court's decision was arbitrary because there is no evidence in the record to support it. However, we conclude that there is evidence in the record that could form a rational basis for the trial court's decision. Thus, we affirm it.
 {¶ 2} In March 2002, Marion James and Ann Lane agreed to a shared parenting plan, which the Washington County Common Pleas Court, Juvenile Division, later journalized as an order. The shared parenting plan named Mr. James as the residential parent of five-year-old Ariann Rae Lane and three-year-old Jacob Everett Lane. The shared parenting plan also provided for scheduled unsupervised "visitation" for Ms. Lane. However, in July 2002, Mr. James filed a motion for modification of visitation. In his motion, Mr. James alleged sexual conduct occurred between Jacob and Ms. Lane's older children, Anthony and Justin.
 {¶ 3} The trial court conducted a hearing in August 2002. There, Mr. James testified that he "caught Jacob masturbating on the bed." When Mr. James confronted Jacob and asked who taught him that, Jacob stated, "Justin and Anthony showed him how." Sue James, the children's stepmother, also testified that she caught Jacob "playing with himself." Finally, Dr. Robert Fathman, Ariann and Jacob's psychologist, testified. Dr. Fathman testified Mrs. James expressed concerns because Jacob had begun displaying various types of "sexual behavior." According to Dr. Fathman, Ariann informed Mrs. James that Anthony and Justin "had shown themselves" to Ariann and her brother. Dr. Fathman also testified about his counseling sessions with the children. During one counseling session, Ariann and Jacob described the instance of sexual conduct involving Anthony and Justin. Ariann and Jacob described a time when they came out of the bathroom (Ariann was apparently helping potty train Jacob) and saw Anthony and Justin without their clothes on. Both Ariann and Jacob indicated Anthony and Justin playfully pushed Jacob down while playing with themselves and that they squeezed Jacob's penis. According to Dr. Fathman, neither Ariann nor Jacob indicated that Anthony and Justin attempted to touch Ariann, attempted to have Ariann or Jacob touch them, or attempted any type of penetration. Ariann also indicated that her mother, Ms. Lane, walked in while Anthony and Justin exposed themselves and told them to stop but did not reprimand anyone. Following the counseling session, Dr. Fathman reported the incident described by Ariann and Jacob to Washington County Children Services and Franklin County Children Services.
 {¶ 4} In response, Ms. Lane and her mother, Judith Levine, testified that the children were not out of sight long enough for the type of behavior described to occur. Ms. Lane also testified she never walked in on any improper sexual conduct between the children. Ms. Lane introduced a letter from Franklin County Children Services, which stated, "your family has taken the appropriate steps and therefore Agency services are not needed at this time." However, the letter also stated, "[g]iven the allegations and the ages of the children, please insure an adult supervises them at all times."
 {¶ 5} After hearing all of the evidence, the trial court granted Mr. James' motion and modified Ms. Lane's visitation with Ariann and Jacob. Specifically, the court ordered: "1. That Ann Frances Lane shall have unrestricted or unsupervised visitation with the parties' minor children, Jacob Everett Lane and Ariann Rae Lane. However, it is further ordered that should visitation with Jacob Everett Lane and Ariann Rae Lane by Ann Frances Lane include Anthony and Justin to be present around Jacob Everett Lane and Ariann Rae Lane, then such visitation must be supervised by not only Ann Lane but another adult."
Following the trial court's decision, Ms. Lane appealed and assigned five "errors" by the trial court. For the sake of clarity, we have condensed Ms. Lane's errors into four assignments of error. "FIRSTASSIGNMENT OF ERROR — The trial court erred in failing to dismiss the motion for modification of visitation because it did not contain citations of authority. SECOND ASSIGNMENT OF ERROR — The court also abused its discretion when choosing to `interpret' the evidence instead of taking the evidence as presented and assuming innocence until proven guilty. THIRD ASSIGNMENT OF ERROR — The trial court erred in admitting hearsay evidence. FOURTH ASSIGNMENT OF ERROR — The trial court abused its discretion in ordering supervised visitation."[1]
 {¶ 6} In her first assignment of error, Ms. Lane argues the trial court erred in failing to dismiss Mr. James' motion because it did not comply with the mandate of Juv.R. 19 to include citation to authority. On the day of trial, Ms. Lane made an oral motion to dismiss, arguing Mr. James failed to comply with the rule. However, the trial court overruled the motion because it was untimely. Because the trial court should have some latitude in deciding such a motion, we review its decision under an abuse of discretion standard.
 {¶ 7} Mr. James filed his motion for modification of visitation on July 3, 2002. On July 8, 2002, Ms. Lane retained an attorney. On August 16, 2002, the trial court conducted a hearing on Mr. James' motion. At that time Ms. Lane's counsel made an oral motion to dismiss. The trial court denied Ms. Lane's request because it was untimely. We agree.
 {¶ 8} Juv.R. 19 provides, in part, "[a]n application to the court for an order shall be by motion. * * * It shall be supported by a memorandum containing citations of authority and may be supported by an affidavit." The purpose of Juv.R. 19 is to provide the nonmoving party notice of the allegations in the motion so that they can respond appropriately. Fink, Greenbaum and Wilson, Guide to the Ohio Rules of Civil Procedure (2003 Ed.), Section 7.9. Ms. Lane's counsel had over a month to file a motion to dismiss but waited until the morning of the hearing to make a motion. Although Mr. James' motion did not include citation to authorities, it did state with particularity the grounds for relief and the specific relief requested. Thus, Mr. James' motion provided adequate notice for Ms. Lane to respond and defend herself. The trial court did not abuse its discretion in overruling Mr. Lane's motion to dismiss. The first assignment of error is overruled.
 {¶ 9} In her second assignment of error, Ms. Lane argues the trial court erred in "interpreting the evidence instead of taking the evidence as presented and assuming innocence until proven guilty." Ms. Lane appears to have confused these proceedings with a criminal case. Here, the trial court was concerned with the best interest of the children, not the criminal standard of innocent until proven guilty. See R.C. 3109.04(B)(1). Since the trial court was the trier of fact, it was responsible for judging the credibility of witnesses and determining the weight of the evidence. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273. Thus, it was the trial court's duty in this instance to "interpret" the evidence. Ms. Lane's second assignment of error is overruled.
 {¶ 10} In her third assignment of error, Ms. Lane argues the trial court erred in admitting hearsay evidence. Ms. Lane appears to contend the trial court should have excluded Dr. Fathman's testimony concerning statements made to him by the Jameses, Ariann, and Jacob. Ms. Lane's trial counsel objected during trial based on hearsay but the court overruled the objection because the testimony concerned the "treatment of the children, to gather information." Thus, it appears the trial court relied on Evid.R. 803(4).
 {¶ 11} Generally, we will not disturb the trial court's decision to admit or exclude relevant evidence absent an abuse of discretion.State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. But in this case, we must determine whether Dr. Fathman's testimony was hearsay within the meaning of Evid.R. 801. A trial court's discretion to admit or exclude relevant evidence does not include the discretion to admit hearsay; Evid.R. 802 mandates the exclusion of hearsay unless any exceptions apply. State v. Barney (June 7, 1999), Meigs App. No. 97CA12. Accordingly, we undertake a de novo review of the trial court's interpretation of Evid.R. 801. Id. See, also, State v.Sorrels (1991), 71 Ohio App.3d 162, 165, 593 N.E.2d 313.
 {¶ 12} Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Much of Dr. Fathman's testimony was hearsay because it consisted of out of court statements made by the Jameses, Ariann, and Jacob in order to show that improper sexual behavior occurred between the children. However, Evid.R. 803(4) provides a hearsay exception for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." As we noted in State v. Wilson
(Feb. 18, 2000), Adams App. No. 99CA672, "Evid.R. 803(4) does not require that the statements be made to a specific type of health care provider as long as made for purposes of diagnosis or treatment. Thus, a statement may still be within the scope of the exception if it is directed to other physical and mental health professionals, including nurses, psychiatrists, psychologists, and therapists. State v. Chappell (1994),97 Ohio App.3d 515, 530, 646 N.E.2d 1191. Furthermore, because Evid.R. 803(4) is not limited to statements relating to physical condition, statements made during the course of a psychological examination may also be admissible provided that the purpose of the examination is to diagnose or treat the victim's psychological condition." [Citations omitted]. Thus, so long as the Jameses, Ariann, and Jacob made the statements to Dr. Fathman for the purpose of medical diagnosis or treatment they will be admissible.
 {¶ 13} Here, the Jameses scheduled and paid for counseling sessions with Dr. Fathman for Ariann and Jacob over a three to four month period prior to Mr. James' motion for modification of visitation. Dr. Fathman testified that his counseling sessions consist of talking to the parents first to find out what issues need addressed. He then explores those issues with the children. Thus, Evid.R. 803(4) applied to the Jameses, Ariann, and Jacob's statements to Dr. Fathman because they made the statements for the purpose of Ariann and Jacob's psychological treatment.
 {¶ 14} Appellant also complains about "double hearsay," i.e., statements to Dr. Fathman by Mrs. James concerning statements made to her by the children. Such hearsay upon hearsay is admissible where each statement independently falls within a recognized exception. See Evid.R. 805. Our review of the transcript reveals only one instance where the appellant's counsel objected to Dr. Fathman's testimony that amounted to double hearsay. In that instance, he described a statement from Mrs. James that described her conversation with one of the children. Ariann's statement to her mother that the older boys "had shown themselves" does not satisfy the medical diagnosis exception because Ariann was speaking to her stepmother, not a medical provider. Assuming without deciding that none of the other exceptions apply, we still do not believe this "error" requires reversal. In light of all the other admissible evidence about sexually oriented behavior, any error in admitting this statement was clearly harmless. Ms. Lane's third assignment of error is overruled.
 {¶ 15} In her fourth assignment of error, Ms. Lane contends the decision to require supervised visitation results in an abuse of discretion because there is no credible evidence from which the court could conclude that inappropriate sexual behavior occurred. Trial courts maintain wide discretion to control visitation matters. Appleby v.Appleby (1986), 24 Ohio St.3d 39, 41, 492 N.E.2d 831; Bodine v. Bodine
(1988), 38 Ohio App.3d 173, 175, 528 N.E.2d 973. Therefore, we will review the court's decision under an abuse of discretion standard.
 {¶ 16} An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff'sDept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 506;Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138, citingBerk v. Matthews (1990), 53 Ohio St.3d 161, 169. Above all, a reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge "* * * is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use their observations in weighing the credibility of the proffered testimony." Jane Doe 1, supra, citing Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80.
___{¶ 17} Here, Mr. and Mrs. James testified they saw Jacob exhibit masturbatory type behavior. Dr. Fathman also testified Ariann and Jacob discussed an episode involving sexual conduct between Anthony, Justin, and Jacob. Moreover, Dr. Fathman testified that he found Ariann and Jacob's discussion very credible based on their mannerisms and demeanor. Finally, Ms. Lane's exhibit also supports the trial court's decision. Ms. Lane's letter from Franklin County Children Services stated, "[g]iven the allegations and the ages of the children, please insure an adult supervises them at all times." Therefore, a rational basis exists for the trial court to find it was in Ariann and Jacob's best interest to have supervised visitation with Ms. Lane when Anthony and Justin were present. The trial court did not abuse its discretion. Ms. Lane's fourth assignment of error is overruled.
JUDGMENT AFFIRMED.
 APPENDIX A
1. There was an abuse of discretion because the motion should have been dismissed since there was no memorandum containing citations of authority attached to the order. The Court denied the motion as not being timely made but failed to acknowledge the number of days in which the attorney had been working for this client which was about a month. (line 2-20, page 7)
2. The Court also abused its discretion when choosing to "interpret" the evidence instead of taking the evidence as presented and assuming innocence until proven guilty.
3. The evidence presented was based on hearsay as stated by Marion James (lines 22-23, page 127, and lines 1-3, page 128).
 Mr. Swartz: "So really what you mean, sir, is that this motion is based on primarily, close to a hundred percent, the conversation you had with Doctor Fathman and not really the children?"
Mr. James: "That is true."
Also, an objection was overruled on the line of
questioning where "he said/she said" (lines 11-15, page 17).
4. There was a lack of sufficient evidence since the children were not at the hearing. Allegations were made by Mr. James and a psychologist, who Mr. James is paying and who is currently being investigated by the Ohio Board for ethics violations, took Mr. James' money and told the court what Mr. James told him. As well, the Court chose to make up biased evidence as identified in the "Court findings" discussed above in #2.
5. The lack of sufficient evidence was substantiated by two different county Children Services but "interpreted" otherwise by the Court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment and Opinion.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.
[1] Ms. Lane's own designation of the court's purported errors is included as Appendix "A."