DECISION AND JUDGMENT ENTRY
{¶ 1} Irene M. Baker (hereinafter "Mother") appeals the judgment of the Washington County Court of Common Pleas regarding her divorce from Bryan Baker (hereinafter "Father"). On appeal, Mother contends that the trial court abused its discretion when it allowed Father unsupervised visitation with their three minor children because the Father's violent temper could harm the children. Because the court heard conflicting stories regarding the Father's temper, and because the trial court is in the best position to view the witnesses and weigh the credibility of the proffered testimony, we disagree. Mother next contends that the trial court erred when it ordered her to pay $15,715 to Father within six months because it is a distributive award. Because ordering the mother to pay $15,715 to Father is a distributive award, and because the court did not determine "that a division of the marital property in kind or in money would *Page 2 
be impractical or burdensome" as required under R.C. 3105.171(E)(2), we agree. Mother next contends that the trial court erred when it awarded Father the Jeep and awarded her the Hyundai. Because the court did not consider the debt owed on the Hyundai, as required by R.C.3105.171(F)(2), we agree. Finally, Mother contends that the trial court erred when it ordered her to refinance the marital residence within six months and pay Father one-half of the equity. Because the record does not show that the trial court considered the nine factors in R.C.3105.171(F), we agree. Accordingly, we overrule Mother's first assignment of error; sustain her second assignment of error; and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} Mother and Father married in 1996. They had three children (born in 2000, 2003, and 2005). On July 31, 2006, Mother filed for divorce. In her complaint, she asked for, inter alia, custody of the three children and an equitable division of the marital assets and debt.
 {¶ 3} Mother moved for a temporary order of custody of the three children with Father having supervised visitation. The court granted Mother's motion.
 {¶ 4} At the final divorce hearing, several witnesses testified as to Father's temper.
 {¶ 5} Mother elicited testimony from witnesses to show that Father's violent outbursts led to Father physically striking her and the children. Mother's father testified that Father worked for him for two to three years, and during that time, Father displayed problems with anger. Mother's cousin testified that she witnessed Father yell at his two *Page 3 
oldest children and (1) smack one child on the back of the head and (2) pull and yank the other child to get them in the car to leave the cousin's home.
 {¶ 6} Mother testified that she obtained a civil protection order against Father in 2006 when, in front of their oldest child, he slapped her twice on the back of the head; slapped her face; and told her he was going to shoot her. She said that when she attempted to call 911, Father unplugged one phone and grabbed another phone from her hand. She said that was the first time Father ever struck her. She testified to other incidents involving Father throwing objects, including a knife and a digital camera.
 {¶ 7} Father testified and admitted slapping Mother on the "side of the head," but denied slapping her face and threatening to shoot her. He admitted that during the marriage he threw a knife at a door and punched a refrigerator.
 {¶ 8} Jamie Vuksic, from children's services, testified that he received an alleged neglect complaint regarding the "slapping" incident that occurred in front of the oldest child. After investigating, he concluded that the oldest child faced no risk of suffering physical injuries but did face a moderate risk of emotional injury. Mr. Vuksic's ultimate finding was "substantiated neglect" because of physical contact between Father and Mother. He further concluded that there was no allegation or finding of physical abuse with regard to the child.
 {¶ 9} Mary Barnas, a Ph.D in developmental psychology, testified. She oversees and coordinates the Washington County Supervised Visitation Center. She said that Father attended the weekly supervised visits with his children and did not cause any problems. She said that a couple of problems arose but those problems involved the *Page 4 
oldest child telling Father that (1) Mother and grandmother had left them in the home unattended; and (2) Mother told her that Father had hurt Mother. She further stated that one discipline incident involved the Father raising his voice when disciplining the children, but this incident did not raise any concern with the staff at the visitation center.
 {¶ 10} After the hearing, the court, with regard to visitation, ruled that "[supervised visits at the visitation center shall end immediately. Based on the testimony of Dr. Barnas and Mr. Vuksic, [Father] is not now a threat nor ever has been, a danger to the parties' children." The court then entered a standard order of visitation.
 {¶ 11} The court, in regards to other issues, ordered Mother to pay Father $15,715 within six months. Specifically, the court ruled: "In order to divide the marital assets as evenly as possible and considering the effect of social security and pension benefits earned during the marriage, as well as the disparity between incomes, the Court orders [Mother] to pay [Father $15,715] within six (6) months[.]"
 {¶ 12} The court further awarded the Jeep Grand Cherokee to Father and awarded the Hyundai Elantra to Mother. Mother and Father did not owe anything on the Jeep but owed about $7,000 on the Hyundai. The court did not mention the $7,000 debt in its order.
 {¶ 13} Finally, the court awarded the marital residence to Mother but ordered her to refinance it within six months and pay Father one-half of the equity in the home, i.e., $172,000 minus the mortgage amount at the time of refinance equals the equity. The court further ordered that if Mother fails to refinance the home within six months, then *Page 5 
"either party can elect to have the home sold at public auction, subject to the same distribution of net sale proceeds as set forth herein."
 {¶ 14} Mother appeals the court's judgment and asserts the following two assignments of error: I. "THE TRIAL COURT ERRED IN NOT REQUIRING THAT THE FATHER'S VISITATION WITH THE MINOR CHILDREN OF THE MARRIAGE BE SUPERVISED." And, II. "THE TRIAL COURT ERRED IN FAILING TO MAKE AN EQUITABLE DIVISION OF PROPERTY PURSUANT TO STATUTE."
 II. {¶ 15} Mother contends in her first assignment of error that the trial court erred when it awarded Father unsupervised visitation. The crux of her argument involves the safety of the children. She maintains that Father's temper could harm the children.
 {¶ 16} The standard of reviewing the trial court's award of visitation rights to the non-residential parent is whether the trial court abused its discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court.In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138; Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 17} R.C. 3109.051 governs visitation. Braatz v. Braatz (1999),85 Ohio St.3d 40, 44. R.C. 3109.051(D) directs the trial court to consider sixteen factors when establishing a visitation schedule. One of the factors the court must consider is "[t]he health and safety of the child[.]" R.C. 3109.051(D)(7). *Page 6 
 {¶ 18} Here, the testimony established that Father had a temper and, except for one occasion, threw objects at walls or at other objects, but not at people. However, the extent of Father's temper was disputed.
 {¶ 19} On one occasion, Father struck Mother in front of the children. Father stated that he only slapped the side of Mother's head. Mother stated that Father slapped her in the back of the head and face and threatened to shoot her. It is undisputed that the oldest child witnessed this incident and that the children were scared.
 {¶ 20} The trial court heard both versions regarding the extent of Father's temper and apparently chose to believe the Father's version. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Trickey v. Trickey (1952), 158 Ohio St. 9,13. An appellate court must be guided by a presumption that the findings of the trial court are correct, since the trial court is in the best position to view the witnesses and weigh the credibility of the proffered testimony. In re Jane Doe 1 at 138. As such, "[t]he discretion which a trial court enjoys in custody matters should be accorded the utmost respect * * *." Pater v. Pater (1992), 63 Ohio St.3d 393, 396.
 {¶ 21} Mother maintains that the trial court erred and that it should have ordered supervised visitation. She cites Bodine v. Bodine (1988),38 Ohio App.3d 173 in support of her position.
 {¶ 22} In Bodine, the tenth appellate district court held that a trial court abuses its discretion by not imposing restrictions on visitation where clear and convincing evidence shows that a proposed visitation plan "will be harmful to the welfare of the children[.]" *Page 7 
Id. at paragraph two of the syllabus. The Bodine court stated that the father's visitation with his children should be supervised. The evidence showed that the father sought counseling to control his violent temper; his physical violence was occasionally directed at his wife during the course of the marriage; and the children expressed fears of their father even though they were the unintended victims.
 {¶ 23} We distinguish Bodine. In Bodine, there was a long history of occasional physical violence directed toward the mother. Here, by the Mother's own admission, there was only one incident of physical violence directed toward the Mother, and it occurred near the end of the marriage.
 {¶ 24} Therefore, we find that the trial court's decision was not unreasonable, arbitrary or unconscionable. Consequently, we find that the trial court did not abuse its discretion when it allowed Father to have unsupervised visitation with his children.
 {¶ 25} Accordingly, we overrule Mother's first assignment of error.
 III. {¶ 26} Mother asserts in her second assignment of error that the trial court failed to make an equitable distribution of marital property.
 {¶ 27} In a divorce proceeding, the trial court must identify the property and debt as marital or separate and divide the property and debt equitably between the spouses. R.C. 3105.171. Generally, an equitable division of the property requires the trial court to divide it equally. R.C. 3105.171(C)(1). However, if an equal division would produce an inequitable result, the court may divide the property in a way that the court determines to be equitable. Id. *Page 8 
 {¶ 28} The trial court has broad discretion in crafting its equitable division. R.C. 3105.171(C)(1); Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131; Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. Thus, we will not reverse a trial court's allocation of marital property and debt absent an abuse of discretion. Holcomb at 131. When applying this standard of review, we must view the property division in its entirety, consider the totality of the circumstances, and determine whether the trial court abused its discretion when dividing the spouses' marital assets and debts. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222.
 A. {¶ 29} Mother first contends that the trial court erred when it ordered her to pay Father $15,715 within six months so that the marital assets would be divided as evenly as possible. She maintains that the award is a "distributive award." She claims a court cannot make a distributive award without first making a finding that the distribution of marital property would be "impracticable or burdensome."
 {¶ 30} ?`Distributive award' means any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in section 3105.18 of the Revised Code." R.C.3105.171(A)(1). R.C. 3105.171(E)(2) provides that "[t]he court may make a distributive award in lieu of a division of marital property in order to achieve equity between the spouses, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome." Pursuant to R.C. *Page 9 3105.171(F), "[i]n making a division of marital property and in determining whether to make and the amount of any distributive award * * *" is required to consider each of the nine factors set forth in R.C.3105.171(F)(1) through (9). Further, in ordering a distributive award under R.C. 3105.171, the court is required to "make written findings of fact that support the determination that the marital property has been equitably divided[.]" R.C. 3105.171(G).
 {¶ 31} Here, we find that the court's award is a "distributive award." The $15,715 award is a lump sum payment to be paid from Mother's separate property or income. Therefore, the trial court had to make a finding that "a division of the martial property in kind or in money would be impractical or burdensome" as required by R.C. 3105.171(E)(2). The court failed to make this finding. In addition, the record does not show that the court considered the nine factors under R.C. 3105.171(F) or that it made written findings as required by R.C. 3105.171(G).
 {¶ 32} Therefore, we find that the trial court abused its discretion when it made the $15,715 award without following all the requirements of R.C. 3105.171.
 B. {¶ 33} Mother next contends that the trial court erred when it awarded the Jeep Grand Cherokee to Father and awarded her the Hyundai. Father and Mother owned the Jeep free and clear of any liability but owed $7,000 on the Hyundai.
 {¶ 34} One of the nine factors that the trial court is required to consider when it divides the marital property is "[t]he assets and liabilities of the spouses[.]" R.C. 3105.171(F)(2). Here, the trial court's decision does not mention the $7,000 debt still *Page 10 
owed on the Hyundai.[1] As such, the trial court failed to consider all of the relevant factors when it distributed the vehicles.
 {¶ 35} Therefore, we find that the trial court abused its discretion when it distributed the two vehicles without considering all the factors in R.C. 3105.171(F).
 C. {¶ 36} Mother next contends that the trial court erred when it ordered Mother to refinance the marital residence and to provide Father with half of the home's equity.
 {¶ 37} R.C. 3105.171(J) provides, "The court may issue any orders under this section that it determines equitable, including, but not limited to, either of the following types of orders: (1) An order granting a spouse the right to use the marital dwelling or any other marital property or separate property for any reasonable period of time; (2) An order requiring the sale or encumbrancing of any real or personal property, with the proceeds from the sale and the funds from any loan secured by the encumbrance to be applied as determined by the court."
 {¶ 38} Here, the court gave the Mother six months to refinance the home and pay Father his one-half of the equity. The court further provided that, if the Mother failed to refinance, then either party could "elect to have the home sold at public auction, subject to the same distribution of net sale proceeds as set forth herein." Under R.C.3105.171(J), the court could order the Mother to refinance or sell the home to provide Father with his equitable share. See, e.g., Noll v.Veti, Union App. No. 14-05-11, 2005-Ohio-5754, ¶ 30. *Page 11 
See, also, Pappas v. Hawkins-Pappas, Lucas App. No. L-05-1138,2006-Ohio-477. The court's order would be proper if it considered all the factors in R.C. 3105.171(F). However, as we stated earlier, it is not clear from the trial court's decision that it made the requisite findings of fact after considering all the factors set forth in R.C.3105.171(F).
 {¶ 39} Therefore, we find that the trial court abused its discretion when it issued its order regarding the marital residence without making adequate factual findings with regard to all the factors set forth in R.C. 3105.171(F).
 D. {¶ 40} Accordingly, we sustain Mother's second assignment of error.
 IV. {¶ 41} In Conclusion, we affirm the trial court's judgment as it relates to visitation and reverse the trial court's judgment as it relates to the $15,715 distributive award, the distribution of the vehicles and the distribution of the marital residence. We remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED, IN PART, REVERSED, IN PART, AND CAUSEREMANDED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART (first assignment of error) AND REVERSED IN PART (second assignment of error) and this cause REMANDED to the trial court for further proceedings consistent with this opinion. The appellant and appellee shall equally pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment and Opinion as to Assignment of Error II;
Dissents as to Assignment of Error I. Abele, J.: Concurs in Judgment and Opinion.
[1] Father's brief mentions a hearing that the trial court held during this appeal to correct this error. However, we have no record of this hearing. In addition, it is questionable whether the trial court had jurisdiction to make such a modification. Pursuant to R.C. 3105.171(I), "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court."
 *Page 1