[Cite as *Devito v. Devito*, 2024-Ohio-2234.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ELIZABETH A. CROSS DEVITO, | : | APPEAL NO. C-230539 |
| | | TRIAL NO. DR1901095 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| RICHARD DEVITO, | : | |
| | | |
| Defendant-Appellant. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 12, 2024

*Ferris & Manter* and *Aaron J. Manter*, for Plaintiff-Appellee,

*Strauss Troy Co., L.P.A.*, and *Carrie R. Waide*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant-appellant Richard Devito ("Husband") appeals the decision of the Hamilton County Court of Common Pleas, Domestic Relations Division, that awarded his separate property to plaintiff-appellee Elizabeth A. Cross Devito ("Wife") as a distributive award. We find no merit in his two assignments of error, and we affirm the trial court's judgment.

### *Factual Background*

{¶2} Husband and Wife were married in 2014, and had one child. The record shows that in 2016, Husband was arrested and jailed for producing child pornography. Two years later, he pleaded guilty to one count of that offense and was sentenced to 360 months (30 years) in a federal prison.

{¶3} Subsequently, Wife filed for divorce. In 2021, a magistrate conducted a hearing to determine the property division and parental rights. In her decision, the magistrate stated that the division of property was not equal, although it was equitable, because due to Husband's imprisonment, he would not be "in a position to maintain employment, earn income or help support" the parties' child. The magistrate also found that Wife was entitled to a distributive award due to Husband's criminal actions that resulted in him being imprisoned for 30 years. Though not specifically stated, the language of the magistrate's decision implied that the distributive award was justified to compensate Wife for Husband's financial misconduct. *See Devito v. Devito*, 1st Dist. Hamilton No. C-210523, 2022-Ohio-2563, ¶ 29.

{¶4} While the magistrate found that Husband had insufficient income to support their child, he had other assets, including his retirement accounts. The

magistrate determined that Husband had two retirement accounts and awarded Wife "the entirety of the retirement plans and investment accounts, including any separate property portion, free and clear of any claim of [Husband]."

{¶5} Both parties objected to the magistrate's decision. As to the property division, the trial court overruled Husband's objections. Wife objected on the basis that the magistrate had failed to dispose of a 401(K) plan in Husband's name. The court sustained Wife's objection and awarded her "the entirety of the retirement plan free and clear of any claim of [Husband]." The trial court adopted the magistrate's decision as modified, which was incorporated into the divorce decree.

### The Prior Appeal

{¶6} Husband appealed from the decree to this court. In one of his assignments of error, he contended that the trial court abused its discretion in awarding his separate property to Wife as a distributive award. In *Devito*, 1st Dist. Hamilton No. C-210523, 2022-Ohio-2563, we reversed the trial court's decision as to the property division and the distributive award.

{¶7} First, we noted that the decree did not include Husband's money from an inheritance in the decree. We determined that it was Husband's separate property. *Id.* at ¶ 25. Then, we determined that, because the trial court's finding under R.C. 3105.171(E)(4) was improper and the trial court did not make any other findings to support the distributive award, the distributive award to Wife did not comport with the statutory requirements set forth in R.C. 3105.171. *Id.* at ¶ 36. We stated that "a distributive award may be justified under R.C. 3105.171. But as currently written, the decision does not comport with the statutory requirements."

3

*Id.* We remanded the cause to the trial court "to reconsider the division of assets and properly determine whether a distributive award is appropriate." *Id*. at ¶ 37.

### *The Remand*

{¶8} On remand, the trial court held a hearing where counsel presented additional oral arguments. Wife argued that Husband's criminal activity "is the wrongdoing that resulted in a sentence of 360 months of incarceration." She added,

> [Husband's] wrongdoing caused his incarceration which, in turn, interferes with his spouse's property rights because [Wife] is now required to use 100% of her property rights, without ongoing financial assistance from [Husband], to incur all of the expenses associated with raising their child which is a loss to [Wife] caused by the offending spouse's misconduct. Meanwhile [Husband] profits from his wrongdoing because he is not required to pay child support for their child due to his incarceration.

The magistrate found Wife's argument to be persuasive. She stated that "[W]ife has satisfied the elements for demonstrating financial misconduct," and that financial misconduct justified a distributive award of Husband's separate property to Wife.

{¶9} Both parties filed objections to the magistrate's decision. The trial court sustained one of Wife's objections relating to the value of Husband's separate property and overruled her other two objections. Husband's objection stated that the magistrate erred "in making a distributive award of [Husband's] separate property, and failed to allocate the marital property equitably." The trial court overruled his objection and adopted the magistrate's decision. It added that "the Court finds that the Magistrate did equitably divide the marital property under R.C.

3105.171(F) as she thoroughly considered all of the required factors when issuing her decision."

**{¶10}** The trial court's decision was incorporated in an amended divorce decree, journalized on September 15, 2023. Husband now appeals from that final order. He presents two assignments of error for review.

### *The Current Appeal*

**{¶11}** In his first assignment of error, Husband contends that the trial court erred in finding that Husband had engaged in financial misconduct and in awarding Husband's separate property to Wife as a distributive award. In his second assignment of error, Husband contends that the trial court failed to allocate the parties' marital property equitably. He argues that the court failed to equitably divide one of his retirement accounts because only a percentage of the funds in the account were marital, and the rest was his separate property. The court awarded all of the proceeds from that account to Wife as part of the distributive award. These assignments of error are not well taken.

**{¶12}** We review a domestic relations court's property division in a divorce proceeding for an abuse of discretion. *Dunn v. Dunn*, 1st Dist. Hamilton Nos. C-010282 and C-010292, 2002-Ohio-6247, ¶ 12, citing *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). R.C. 3105.171 governs the division of property in a divorce, and a distributive award made "without following all of R.C. 3105.171's requirements" is an abuse of discretion. *Devito*, 1st Dist. Hamilton No. C-210523, 2022-Ohio-2563, at ¶ 21, quoting *Akins v. Akins*, 7th Dist. Carroll No. 12 CA 882, 2014-Ohio-4432, ¶ 57.

{¶13} After the trial court determines whether property is marital or separate, the court "shall divide the marital and separate property equitably between the spouses." R.C. 3105.171(B). The statute requires an equal distribution of marital property unless an equal division would be inequitable. R.C. 3105.171(C)(1). To determine what is equitable, the court must consider the factors listed in R.C. 3105.171(F). *Devito* at ¶ 26, citing *Neville v. Neville*, 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, ¶ 5.

{¶14} In addition to an equitable division of marital property, the court may make a distributive award. A distributive award is "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support * * *." R.C. 3105.171(A)(1). R.C. 3105.171(E) sets forth the reasons for which the trial court may order a distributive award. *Devito* at ¶ 28.

{¶15} The trial court relied on R.C. 3105.171(E)(4), which permits a distributive award if "a spouse has engaged in financial misconduct including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets * * *." The trial court's reliance on this section and its determination that Husband had engaged in financial misconduct is contrary to our previous decision *See Devito*, 1st Dist. Hamilton No. C-210523, 2022-Ohio-2563, at ¶ 20-36.

{¶16} Nevertheless, R.C. 3105.171(E)(1) provides that "[t]he court may make a distributive award to facilitate, effectuate, or supplement a division of marital property." As to this section, the magistrate stated that she had made the distributive award "to facilitate, effectuate and supplement an equitable division of the parties'

marital property due to the fact that [Husband] committed financial misconduct and is serving a 360-month sentence on child pornography related charges which prevents him from exercising his financial obligations to their child, which in turn interferes with [Wife's] property rights."

**{¶17}** We note that in our previous decision, we stated that there "was no finding that a distributive share was made to facilitate, effectuate, or supplement the division of marital property" under R.C. 3105.171(E)(1). *Devito*, 1st Dist. Hamilton No. C-210523, 2022-Ohio-2563, at ¶ 34. But we remanded the cause to the domestic relations court to reconsider the division of assets and properly determine whether a distributive award was appropriate. *Id.* at ¶ 37. On remand, the trial court provided more detailed findings and specifically made the finding that a distributive award was proper under R.C. 3105.171(E)(1).

**{¶18}** Further, the court's consideration of equity is not limited to R.C. 3105.171(E). As a general rule, R.C. 3105.111 states that domestic-relations courts have "full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." *Lenore v. Breidenbach*, 1st Dist. Hamilton No. C-140310, 2015-Ohio-2929, ¶ 18.

**{¶19}** Additionally, R.C. 3105.171(B) requires the court in divorce proceedings to "divide the marital and separate property equitably between the spouses * * *." R.C. 3105.171(F) lists ten factors the court should consider when making a division of marital property and in determining whether to make and the amount of any distributive award. Under R.C. 3107.171(F)(10), the court can consider "any other factor that the court expressly finds to be relevant and equitable."

**{¶20}** Under section (F)(10), the magistrate found,

[Husband] dishonestly committed a wrongdoing, a criminal act when he manipulated young children for his personal benefit and received a sentence of incarceration for 360 months. Because of this behavior [Husband] committed financial misconduct when his dishonest wrongdoing interfered with [Wife's] property rights requiring her to use 100% of her property rights to endure the expenses of raising their child. This allows [Husband] to profit from his own wrongdoing by no longer contributing to the expenses associated with raising their child. Courts can no longer impute income to inmates to establish an order of child support, (O.R.C. 3119.05(J)). [Husband] should not profit from his wrong-doing by essentially diverting his separate and marital assets from his financial responsibilities for their child, to himself. If so, this would require [Wife] to shoulder the entire responsibility associated with raising their child and interfere with her property rights. Thus, an equitable division of marital property is warranted and addressed in the Magistrate's Decision * * *.

**{¶21}** This finding, together with the magistrate's finding under section (E)(1), shows that the magistrate concluded that the circumstances warranted a distributive award to Wife to facilitate an equitable division of property since Wife's award of the marital assets inevitably would be diminished by having to be the sole provider for their child.

**{¶22}** This case is similar to *Albers v. Albers*, 2d Dist. Greene No. 2012 CA 41, 2013-Ohio-2352. In that case, wife filed for divorce after accusations surfaced that husband had sexually abused one of the parties' children. He was subsequently convicted of sexual battery and one count of gross sexual imposition, and sentenced to an aggregate prison term of two years. Also, he was a doctor and lost his license

to practice medicine due to his convictions. The trial court ordered a distributive award to wife.

{¶23} Initially, the appellate court agreed with husband's assertion that sexual battery and gross sexual imposition are not financial misconduct, "although many of the financial consequences of one's imprisonment for these offenses are readily apparent." *Id.* at ¶ 15. But it also stated that "the trial court's characterization of [husband's] conduct as financial misconduct was not determinative." *Id.*

{¶24} It observed that "[n]umerous courts have held that criminal conduct by one of the parties to a divorce can be considered in making an equitable distribution of marital assets, because of the financial ramifications that such conduct frequently creates for that spouse." *Id.* at ¶ 17. After discussing some of those cases it stated,

> All of these cases found that it was equitable, under the circumstances presented, to award one spouse more than half of the marital assets, because the other spouse's criminal activity had eliminated or specifically reduced his earnings and his ability to pay spousal support and/or had necessitated the expenditure of significant marital assets on criminal defense. None of those cases relied on a finding of 'financial misconduct' as discussed in R.C. 3105.171(E)(4).

*Id.* at ¶ 19.

{¶25} The court then proceeded to analyze the case before it under general principles of equity and affirmed the trial court's judgment awarding wife more than half of the martial assets. It stated that although the trial court had found that husband's voluntary criminal acts constituted financial misconduct, a review of its decision and the divorce decree established that its conclusions were "based on the

9

effects of criminal conduct and general principles of equity." *Albers*, 2d Dist. Greene No. 2012 CA 41, 2013-Ohio-2352, at ¶ 20.

{¶26} Specifically, the trial court had said that the "only equitable solution" was a distributive award to compensate wife for the family's economic hardship. It found that husband's incarceration "is a result arising from his voluntary, intentional, and criminal acts," and that his conduct "created the adverse financial consequences" that would continue to impact "this family, the children's emotional well being, their lifestyle, and their social standing within their community for years to come." *Id.* The trial court also concluded that wife needed an "additional award of marital assets to compensate her for [husband's] inability, due to his voluntary, intentional, criminal acts, to pay periodic child support out of earned income for the three minor children or to pay periodic spousal support out of earned income." *Id.*

{¶27} The appellate court noted that the trial court did not hold that all criminal convictions, regardless of the nature of the offense, the length and type of penalty involved, and their effect on the ability to earn income now or in the future, constitute financial misconduct. It held that although the trial court and the parties used the term "financial misconduct" too broadly, the trial court's conclusions were nonetheless valid. Therefore, the trial court did not abuse its discretion in concluding that wife was entitled to a larger share of the marital assets for equitable reasons. *Id.* at ¶ 21.

{¶28} We find this reasoning persuasive. While the trial court's reliance on the alleged "financial misconduct" was misplaced, it is also not determinative. The trial court also found that the distributive award was equitable under R.C. 3105.17(E)(1) and (F)(10) and its general equitable powers. We cannot hold that the trial court's decision was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450

N.E.2d 1140 (1983); *Federle v. Federle*, 1st Dist. Hamilton No. C-180171, 2019-Ohio-2565, ¶ 8. Consequently, we overrule Husband's two assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its own entry this date.