# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


MICHELE LEE LITTLEPAGE,          :          APPEAL NO. C-240423
                                            TRIAL NO.  DR-2302105
    Plaintiff-Appellee,          :

  vs.                               :
                                                    *JUDGMENT ENTRY*
DANIEL WAYNE LITTLEPAGE,          :

    Defendant-Appellant.         :



This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 5/21/2025 per order of the court.**


**By:**_____

      **Administrative Judge**

[Cite as *Littlepage v. Littlepage*, 2025-Ohio-1804.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MICHELE LEE LITTLEPAGE, | : | APPEAL NO. C-240423 |
| | | TRIAL NO. DR-2302105 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| DANIEL WAYNE LITTLEPAGE, | : | |
| Defendant-Appellant. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 21, 2025

*Harry B. Plotnick*, for Plaintiff-Appellee,

*Daniel Wayne Littlepage*, pro se.

**MOORE, Judge.**

**{¶1}** Appellant Husband appeals the domestic relations court's final judgment granting a decree of divorce. Husband argues that the court erred by not addressing his allegations that Wife and her counsel engaged in fraud, conspiracy to commit fraud, and falsification of court documents because Wife failed to disclose the inheritance that she had received in 2021. Husband further argues that the court aided and abetted Wife and her counsel in "hiding" the inheritance. Finally, Husband asserts that the court committed prejudicial error by failing to address the "property loss" caused by Wife's violation of the "Administrative Temporary Restraining Order" and the parties' "Separation Agreement." Husband requests that this court invalidate the "Separation Agreement" and its amendment as well as the final decree of divorce and remand the matter to the domestic relations court for a new separation agreement and trial.

**{¶2}** Ultimately, Husband fails to support his challenges to the decree of divorce. This is due in part to his failure to properly challenge Wife's alleged improper actions during the proceedings leading to the divorce and his failure to file a transcript of proceedings for our review. We, therefore, affirm the domestic relations court's judgment.

## I.     *Factual and Procedural History*

**{¶3}** Appellee Wife filed a complaint for divorce in December 2023. In her complaint, Wife alleged the parties were incompatible and had been living apart for more than a year. The most obvious cause for this separation was that Husband had been incarcerated since 2013. Wife attached to her complaint the parties' March 28, 2023 "Separation Agreement" and an August 14, 2023 amendment (together, "the Separation Agreement"). She also filed the requisite property statement and affidavit

of income, expenses, and financial disclosure ("financial affidavit").

{¶4} In January 2023, Husband filed his answer, which requested that the court stay the proceedings until Wife complied with his pending "Motion for Pictorial Inventory" of his property and his "Requests for Admission." Husband asserted Wife's failure to complete the pictorial inventory and respond to the requests should render the Separation Agreement void and re-establish his interest "in all property," including certain real estate and Wife's retirement account. Husband's answer did not address any of the allegations in the complaint, assert a countercomplaint for divorce, or otherwise seek dismissal of Wife's complaint.

{¶5} Husband had filed his motion and sent Wife his requests a few days after filing his answer. His motion for the pictorial inventory arose from a provision in the Separation Agreement that provided Wife was to keep his tools and equipment until he was freed from prison or died.

{¶6} The requests for admission generally regarded whether (1), prior to Husband signing the Separation Agreement, Wife told him about the account that held the proceeds from the inheritance she had received, (2) Wife's counsel advised her not to disclose the account to the court, and (3) Wife withheld the inheritance because she knew Husband would not sign the Separation Agreement if he knew about it.

{¶7} A few weeks after serving Wife with requests for admission, Husband served requests for admission on Wife's counsel. These requests generally asked counsel to admit or deny that he had knowledge of Wife's inheritance when he drafted the divorce documents, that he knowingly withheld that information from the court, and that such behavior was his firm's common practice.

{¶8} Wife filed a motion to strike all of Husband's requests for admission and his motion for a pictorial inventory. The motion also asserted, "In the alternative,

Plaintiff and her counsel deny each and every request for admissions." Wife attached a memorandum stating that Husband's requests were "extremely irregular and not in conformance with" Civ.R. 34 and 36, and, as Husband was serving a life sentence, Wife "should not be burdened with the cost and expense of making a pictorial inventory merely to satisfy Defendant's curiosity." Wife also asserted that the information sought by Husband in the requests for admission was protected by attorney-client privilege.

{¶9} In his response to Wife's motion to strike, Husband asserted that the fact that he was incarcerated was irrelevant to the proceedings and counsel's general denial of the admissions violated Civ.R. 36(A)(1). He argued that attorney-client privilege was waived because the parties' daughter was present during Wife's discussion with her counsel about the inheritance. Based on these assertions, Husband requested the court order Wife to complete the pictorial inventory, find Wife in violation of the Separation Agreement for failing to disclose the inheritance account, and void the Separation Agreement and restructure the division of marital property.

{¶10} On January 23, 2024, the magistrate scheduled a telephone conference for February 27, 2024. The court ordered Husband to be prepared to discuss his motion for a pictorial inventory during that conference.

{¶11} On February 16, 2024, Husband filed a motion for summary judgment, arguing that Wife failed to respond to his requests for admission so they must be deemed "admitted." He again asserted Wife's claim of attorney-client privilege regarding information about the inheritance account was waived because the daughter was present during Wife's discussions with counsel.

{¶12} Husband filed another motion for summary judgment on February 27, 2024, the same day as the previously scheduled telephone conference, asserting that his motion should be granted because Wife's counsel failed to respond to his requests

for admission.

**{¶13}** The magistrate filed an entry on February 27, 2024, ordering Husband to be prepared to address his concerns regarding the Separation Agreement and any property or accounts that had not been disclosed at the March 28, 2024 telephone pretrial conference.

**{¶14}** On March 18, 2024, the magistrate issued an order directing Wife to work with the parties' daughter to complete a pictorial inventory of Husband's property. Once completed, the inventory would be given to Husband to review. A property trial would be scheduled if there were any disagreements regarding any claimed missing items.

**{¶15}** On May 6, 2024, after the completion of the pictorial inventory by the parties' daughter (with assistance from Wife's nephew), Husband filed an addendum to the pictorial inventory, wherein he listed 36 purportedly missing items. Husband valued the missing items at approximately $56,465. Husband also sent a letter to Wife's counsel, insisting that Wife provide Husband with her nephew's phone number; Husband wanted the nephew to confirm whether items that appeared to be missing were in the home.

**{¶16}** The parties agreed to a final hearing on the merits before the magistrate. On June 20, 2024, the domestic relations court granted the final decree of divorce, incorporating the Separation Agreement.

**{¶17}** On June 24, 2024, Husband filed a motion to set aside the final decree of divorce based on his receipt of copies of documents from the account that held Wife's inheritance. Husband's motion was not made pursuant to any specific Ohio Rule of Civil Procedure; however, he claimed that Wife's counsel knowingly withheld said documents. Husband claimed that he would not have signed the Separation

Agreement had he known about the inheritance.

**{¶18}** Husband also argued in his motion that the magistrate should have ordered Wife and her counsel to respond to his requests for admission and claimed that the way Wife and her counsel denied the requests for admission was "haphazard." Husband reasserted his claim that Wife waived her claim of attorney-client privilege. Finally, Husband argued that the magistrate should have ordered Wife to produce the inheritance account documents.

**{¶19}** The domestic relations court denied Husband's motion to set aside the decree. The court interpreted Husband's motion as a motion for relief from judgment under Civ.R. 60(B) and, citing *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, held that a litigant cannot use such a motion as a substitute for a timely appeal.

**{¶20}** This appeal followed.

## II.    Analysis

### A.  Husband was not prejudiced as he failed to show that the inheritance at issue was subject to equitable division.

**{¶21}** We note that Husband failed to file transcripts of the proceedings as requested by this court. In the absence of transcripts, the court has no choice but to reject any claims of procedural error, presume the regularity and validity of the lower court's proceedings, and affirm its judgment. *Burd v. Artis*, 2025-Ohio-625, ¶ 17 (1st Dist.).

**{¶22}** In Husband's first assignment of error, he argues that the financial affidavit and property statement filed by Wife were fraudulent because they did not reflect the inheritance Wife had received in 2021. He asserts that he immediately contested the divorce, in part, due to Wife's failure to disclose the inheritance on the forms, which he argues is a violation of the magistrate's administrative orders under

Hamilton Cty. C.P., Domestic Relations Div., Loc.R. 1.26(A). He contends that the financial affidavit reflects that he is entitled to a portion of the inheritance but points to nothing in the record or the law to support this contention.

**{¶23}** In Husband's second assignment of error, he argues that he suffered prejudice when the magistrate did not address Wife's failure to disclose the 2021 inheritance on her financial affidavit and property statement. We consider the first two assignments of error together.

**{¶24}** Neither of Husband's concerns regarding the disclosure of the inheritance on the forms have merit because Husband fails to show that the inheritance was marital property and not Wife's separate property. It is noteworthy that despite his claims of harm based on Wife (and her counsel) failing to disclose the inheritance, Husband concedes on appeal that he was aware of the inheritance prior to receiving Wife's complaint for divorce.

**{¶25}** Absent specific circumstances, Wife's inheritance would not have been part of the marital estate. Separate property consists of, among other things, "property acquired before the marriage and certain other property, such as inheritances and gifts, acquired by one spouse during the marriage." *Devito v. Devito,* 2022-Ohio-2563, ¶ 23 (1st Dist.), quoting *Boolchand v. Boolchand*, 2020-Ohio-6951, ¶ 8 (1st Dist.). A spouse may retain separate property despite having comingled it with marital property, because "[a]s long as it is traceable, separate property retains its identity." *Id.*, citing R.C. 3105.171(A)(6)(b). Husband fails to cite anything in the record to show that Wife's inheritance was commingled with marital assets such that it was untraceable.

**{¶26}** Accordingly, Husband's first and second assignments of error are overruled.

### B. We must presume regularity of the proceedings and that the court addressed Husband's allegations of property loss.

**{¶27}** In Husband's third assignment of error, he argues the domestic relations court prejudiced him by failing to address his allegation that Wife sold his personal belongings in violation of the "Administrative Temporary Restraining Order" ("Restraining Order") and the parties' Separation Agreement.

**{¶28}** Husband asserts that he raised concerns that Wife sold some of his personal items that he deemed missing from the pictorial inventory. The record does not show that Husband engaged in the appropriate motion practice—i.e., a motion for contempt—to compel the magistrate to order Wife to comply with the Restraining Order and the Separation Agreement. *See Buckingham v. Buckingham*, 2018-Ohio-2039 (2d Dist.), quoting *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554 (2001) ("Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order.").

**{¶29}** The record does, however, show the magistrate ordered Husband to be prepared to address his allegations of property loss during the telephonic pretrial hearings. But in the absence of a transcript, we do not know how the magistrate addressed the issue in the pretrial hearings, or at trial. Therefore, this court must presume regularity of the proceedings.

**{¶30}** We overrule Husband's third assignment of error.

### III.   Conclusion

**{¶31}** For the foregoing reasons, we affirm the trial court's judgment.

Judgment affirmed.

**CROUSE, P.J.,** and **BOCK, J.,** concur.

9